S. H. NUNN v. WILLIAM LACKEY.

(No. 851, Op. Book No. 2, p. 485.)

1 w 777
§ 1331
2 w 594
3 w 168

APPEAL from Uvalde County. Opinion by WALKER, A. S., J.

§ **1331.** *Illegal consideration; compounding a felony.*
Hughes was a partner in the firm of Nunn & Co., cattle men, doing business in Uvalde county. The firm of Nunn & Co. had authority to sell Lackey's cattle. Lackey overtook a herd of cattle in Menard county, distant one hundred and seventy-five miles from Uvalde county, which had been sold by Nunn & Co., in which were thirty-four head of his cattle that had not been accounted for. To avoid trouble and a lawsuit, and under a promise from Lackey that there should be no further trouble about it, Hughes executed the note sued on for $410, signing it with the firm name of Nunn & Co., but made no report of the transaction to the firm. Each partner, however, had the right to purchase for the firm. Lackey thought the cattle were bought for the firm. The court fully submitted in its charge to the jury whether the note was executed for the firm by one of its members and within the scope of his authority. Nunn pleaded that the note was given in consideration only of the plaintiff's not prosecuting Hughes for the taking of said cattle by Hughes. *Held*, the law is that contracts to do acts which are indictable or punishable criminally, or to conceal or compound such acts, or to suppress evidence in a criminal prosecution, are void. [Story on Cont. § 569.] Illegality must be pleaded to be admissible, and if special ground is stated, other grounds not stated are inadmissible. It cannot be presumed except upon clear evidence. [Abbott's Trial Evidence, p. 789.] As to compounding felony it should appear: 1. That there was an agreement to compound a felony or other indictable offense. 2. That the plaintiff knew of the illegal consideration at the time of making the contract. 3. That the con-

tract was the result of that agreement.    [Abbott's Trial
Ev. 790.]    The testimony is not clear that any crime
was committed by Hughes.    There is no evidence of an
agreement to compound any criminal offense from which
the contract could or did result, or of which the note was
part.    That, upon the purchase of the cattle on the terms
exacted, there should be no further trouble, will not
necessarily include that evidence should be suppressed.
If Hughes had other expectations, which as a motive in-
duced his act, Lackey was not responsible unless he knew
it, and he has denied all participation beyond a fair set-
tlement of the matter on business principles.    It is suf-
ficient that there are not found any assurances given by
Lackey violative of law.

§ 1332. *Difference between motive for and consideration
of a contract.*    There is a clear distinction sometimes be-
tween the motive that may induce to entering into a con-
tract and the consideration of the contract.    Nothing is
consideration that is not regarded as such by both parties.
It is the price voluntarily paid for the promisor's under-
taking.    An expectation of results often leads to the
promotion of a contract, but neither the expectation or
result is the cause or meritorious occasion requiring a
mutual recompense in fact or in law.    [Philpot v. Gray-
singer, 11 Wall. 577.]

§ 1333. *Partnership note; execution of, by one member
of the firm, how far binding on firm.    Prima facie* the
execution of a bill or note in the name of the firm by one
partner binds the whole; the burden of proving a pre-
sumptive want of authority, and of course fraud, for
that necessarily follows, lies upon the copartners.    [Pow-
ell v. Messer, 18 Tex. 407.]    The note was supported by
other testimony of the existence of the firm and its mem-
bership; that the act was in the apparent line of busi-
ness, and it was not shown that the transaction was upon
any other account.    The rule invoked by appellant from
Goode v. McCartney, 10 Tex. 195, that a partnership se-
curity cannot be applied by one of the firm to his own

debt without the consent of the other members, does not apply, it not appearing that such fact existed, or if so, that it was known to plaintiff. In some instances the firm is liable for the *torts* done by one of the partners. [Coll. on Part. §§ 445, 455; Story on Part. §§ 166, 168.] The testimony sustains the verdict and judgment.

November 1, 1880.  Affirmed.